UNITED STATES of America, Plaintiff,

v.

**Douglas A. BAL, Defendant.**

**No. F88–022 CR.**

United States District Court,
D. Alaska.

Sept. 8, 1988.

Stephen Cooper, Asst. U.S. Atty., Fairbanks, Alaska, for plaintiff.

Cory R. Borgeson, Birch, Horton, Bittner, Cherot & Anderson, Fairbanks, Alaska, for defendant.

## ORDER

KLEINFELD, District Judge.

The grand jury indicted Bal for violation of 26 U.S.C. § 7201, attempt to evade tax, a felony. On September 7, he pled guilty to a misdemeanor, subject to the government filing a superseding information. Sentencing was set to take place before the Magistrate October 28, pursuant to the defendant's written consent filed September 7. On the same day, the government filed a "superseding information" charging Bal with willful failure to file in violation of 26 U.S.C. § 7203, a misdemeanor.

What effect does this have on the September 9 final pretrial and the September 12 trial date on the indictment, as set in the August 10 order? Does the indictment die automatically? The written plea agreement, prepared by the government, says "The entry of judgment will terminate all further prosecution on the four felony charges in the indictment, based on the jeopardy established by defendant's convictions of willful failure to file...." citing a case on willful failure to file as a lesser included offense. Questions arise quite frequently, among attorneys and in the clerk's office, about what to do in these circumstances, so a written answer with reasons is probably worth the time it takes.

"Upon obtaining a superseding indictment or filing a superseding information, the government customarily moves under Rule 48(a) to *nolle* the original pleading." 8 Moore's Federal Practice—Rules of Criminal Procedure ¶ 7.05[1], pp. 7–51—7–52. That the Double Jeopardy Clause would bar prosecution on the indictment after judgment on the information does not vacate or dismiss the indictment; it is a ground upon which a motion to dismiss is based, and such that a court would abuse its discretion if it denied a motion to dismiss.

A motion to dismiss must be filed, and an order dismissing the indictment entered.

The metaphysical reason for this is that the indictment is the act of the grand jury, and stands until something is done to it in the records of the court. The procedural reason is that Rule 48(a) allows dismissal on the government's motion only "by leave of court." This implies that the filing of an information with the word "superseding" in the title cannot function effectively as a dismissal of the indictment, because the information is filed at the government's discretion, not "by leave of court."

The practical reason is that a reader of the court file, checking on Mr. Bal and perhaps not versed in the tax crime statutes and the law of double jeopardy, needs to be able to learn from the papers in the file that the felony charge was in fact dismissed. If this were a *post hoc* context, the judgment probably would function as a bar to prosecution, so the effect would be the same without the motion to dismiss and the order, but the file will be clearer with the motion and order. This practical reason motivates the writing of this decision; injustices invisible to the court may occur when the files do not plainly reflect dispositions, so justice may better be served by motions to dismiss and orders dismissing unprosecuted charges.

The final pretrial and trial dates are vacated. Trial will be reset if sentence is not imposed and judgment entered in due course on or about October 28. The time between September 8 and October 28 is excluded under 18 U.S.C. § 3161(h)(1)(I), plea agreement under consideration.

A motion or stipulation to dismiss the indictment shall be filed within five days of the judgment on the information.